OPINION
James S. Hough, defendant-appellant, appeals a February 8, 1999 judgment of the Franklin County Court of Common Pleas sentencing him to serve two consecutive six-year terms of incarceration for two counts of felonious assault with a firearm specification, in violation of R.C. 2903.11, a felony of the first degree, and an additional consecutive three-year term for the firearm specification.
On March 26, 1998, appellant drove his pickup truck to Borror and Zuber Roads, in Columbus, Ohio, armed with two handguns. He also had a liquor bottle, from which he was occasionally drinking. After appellant fired several shots, nearby residents called the Sheriff's Department, and the residents were eventually evacuated from the area.
After sheriff's deputies arrived, appellant began to climb a radio communications tower but then returned to his truck to reload his weapon. Negotiators attempted to convince appellant to end the incident, but appellant refused. Appellant continued to drink liquor and hold a gun to his head. Appellant's sister arrived at the scene and informed the deputies that appellant's wife was filing for divorce and she had obtained a temporary protection order against him. She also told deputies that she had received two suicide notes from appellant and that appellant was distraught over not being permitted to see his children.
After approximately one and one-half hours, appellant drove his truck to the middle of Borror Road, and deputies set up roadblocks. Eventually, deputies gave appellant a "throw phone" through which they communicated with appellant. Appellant told them that he would be better off dead because he could not see his children, and he told the police that they should just go ahead and shoot him.
After another one and one-quarter hours, appellant threw the phone out of the truck window and backed his truck into a driveway, where he remained briefly. While in the truck, appellant drank more alcohol, smoked a cigarette, and watched the rescue vehicles blocking Borror Road. After some period, appellant drove his truck about twenty yards from the police cruisers, stopped, placed a gun to his head, opened the truck door, and placed one foot on the ground, appearing as though he may surrender. Appellant then got back into the truck, accelerated, and began firing shots as he drove past the cruisers. SWAT members returned fire as appellant passed their position. Appellant continued to fire shots as he drove toward more police vehicles at approximately fifty miles per hour. The deputies returned fire until appellant finally crashed into the sheriff's vehicles that were set up as a roadblock. Forty-seven rounds struck appellant's vehicle, but appellant was not hit.
After crashing into the other vehicles, appellant lost control of his handgun, and it fell to the floor of the truck. As appellant bent over to retrieve it, Sgt. Phil Corbitt punched appellant in the face, and deputies were able to take appellant into custody. Sgt. Corbitt hurt his hand in subduing appellant. In his hurry to get out of the path of appellant's truck, Deputy Brett Estepp injured his knee when it struck a bridge beam. The knee injury led to knee surgery and to Estepp's retirement.
Appellant was indicted on eight counts of felonious assault, one court of inducing panic, and two counts of vandalism. Firearm specifications and specifications that a firearm was discharged from a motor vehicle were attached to the felonious assault charges. Appellant entered, and the trial court accepted, a guilty plea to two counts of felonious assault, with a firearm specification on each count, in violation of R.C. 2903.11, a felony of the first degree. On request of the prosecution, anolle prosequi was entered as to the remaining counts. The court scheduled a sentencing hearing pursuant to R.C. 2929.19 and ordered that a presentence investigation ("PSI") report be prepared.
After a hearing on January 28, 1999, at which time the trial court reviewed the evidence, including the PSI, the court sentenced appellant to serve six years of incarceration for each of the two counts of felonious assault with an additional three years incarceration for the firearm specifications. The trial court ordered the sentence to be served consecutively. The sentence was journalized pursuant to an entry filed February 8, 1999. Appellant appeals the trial court's sentence and assigns the following two assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE RECORD DID NOT SUPPORT THE IMPOSITION OF A LONGER SENTENCE.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED WHEN IT ORDERED THE TWO SENTENCES ON THE FELONIOUS ASSAULT CONVICTIONS TO BE SERVED CONSECUTIVELY.
Appellant argues in his first assignment of error that the trial court erred in failing to impose the shortest term of incarceration authorized for the offense when he had not previously served a prison term and that the record did not support the imposition of a longer sentence. In sentencing a felony offender, a trial court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender. R.C.2929.11(A). To achieve these two purposes, the court must consider the need for incapacitating the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C.2929.11(A). In addition, the court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
Unless the court is required to impose a mandatory prison term, it is within the court's discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). "`A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion.'" State v. Epley (Aug. 25, 1998), Franklin App. Nos. 97APA11-1467 and 97APA11-1468, unreported (1998 Opinions 3028, 3031-3032), citing State v. Yontz
(1986), 33 Ohio App.3d 342, 343; see, also State v. McCullough
(July 27, 1999), Franklin App. No. 98AP-988, unreported (1999 Opinions 2337, 2339); State v. Drake (Dec. 17, 1998), Franklin App. No. 98AP-448, unreported (1998 Opinions 5698, 5709).
R.C. 2929.14(B) provides in part that:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Thus, under the provisions of R.C. 2929.14(B), if the offender previously has not served a prison term, the court is required to impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others. In the instant case, the presentence report indicated that appellant had never served a prison term and, therefore, the trial court could have imposed a sentence greater than three years only if it found on the record that the prison term would demean the seriousness of the offense or not adequately protect the public from future crime by appellant.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court recently addressed the trial court's obligations when imposing a sentence greater than the minimum sentence pursuant to R.C. 2929.14(B). The Court in Edmonson stated:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
Id. at syllabus (emphasis sic). Thus, "the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326.
In the present case, the record reveals that after imposing the sentence, the trial court stated:
 * * * Because of the necessity to protect the public from you — because it appears to me when you get drunk or under the influence of alcohol anything can happen. And somehow people want to use that as an excuse for committing the crime. But also I'm going to punish you for the offenses to the public servants that were doing their job. * * *
In the judgment entry, the trial court stated:
 The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F).
After reviewing the record, we find that the trial court "engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Edmonson, at 326. Clearly, when construing the judgment entry and the comments made at the sentencing hearing as a whole, the trial court believed that the shortest prison term would not adequately protect the public from future crime by appellant. Immediately after announcing the sentence, the trial court stated on the record that it was imposing such a sentence, "[b]ecause of the necessity to protect the public from you — because it appears to me when you get drunk or under the influence of alcohol anything can happen." Thus, the trial court stated why it varied from the minimum sentence for at least one of the two sanctioned reasons in R.C.2929.14(B), i.e., adequate protection of the public from future crimes of appellant. Therefore, the trial court did not abuse its discretion in sentencing appellant to more than the minimum sentence, and appellant's first assignment or error is overruled.
Appellant argues in his second assignment of error that the trial court erred in ordering the two sentences on the felonious assault convictions to be served consecutively. R.C.2929.14(E) provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
If the court imposes consecutive sentences, the court is required, pursuant to R.C. 2929.19(B)(2) to "make a finding that gives its reasons for selecting the sentence imposed." In the instant case, the trial court's judgment entry states:
 The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F).
* * *
 The Court further finds that the consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds that:
 (1) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (2) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 After imposing sentence the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a).
The trial court stated on the record at the sentencing hearing:
 * * * And I don't believe consecutive sentences were disproportionate to the seriousness of the conduct and the danger you imposed [sic] to the public. And the harm is so great to the individuals involved, no single prison term would be adequate to the seriousness of this offense.
Appellant argues that although the trial court made the requisite findings upon the record as required by R.C. 2929.14(E) and 2929.19(B)(2)(c), the record did not support the conclusions. Where a trial court makes a warranted finding under R.C.2929.14(E)(4) and states its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c), "the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion." State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported (1998 Opinions 4899, 4908).
The trial court was required to find that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and also to find either: (1) the record provides sufficient support for the court's finding that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of appellant's conduct; or (2) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Based on the record in this case, we conclude that the trial court made sufficient findings to support the imposition of consecutive sentences under each of the factors under R.C. 2929.14(E)(4)(b) and (c), and that there was sufficient evidence to support such findings.
Although appellant tries to de-emphasize the seriousness of the offense, the trial court disagreed. Two officers were injured during the commission of appellant's offenses, and the court noted at the sentencing hearing that the injury to Officer Estepp's knee was significant enough to force him to retire. The other officer injured his hand in subduing appellant as he reached for his gun. The court also stated at the sentencing hearing that there was no doubt that appellant knew what he was doing when he committed the acts. The court noted that many of the officers involved made statements that appellant's clear intentions were to kill one of them first so that they would kill him. Further, the court found that it did not understand why, if appellant claimed that he was trying to commit suicide, he had to point a gun and fire it at officers and ram his car into others to accomplish that end. Numerous officers also stated in the PSI report that appellant fired shots directly at them and drove his truck directly at them. The trial court saw appellant's actions as beyond merely trying to commit suicide. The court also noted at the hearing that he was a danger to the public and anything could happen when he was under the influence of alcohol and that appellant could not use alcohol as an excuse for committing a crime. Many officers made statements in the PSI report that they feared appellant could hurt somebody in the future.
The record also contains the court's Felony Sentencing Worksheet, which indicates under the section entitled "Sentencing Factors, R.C. 2929.12(B)-(E)," that the court found appellant "attempted to kill many police officers while performing a duty to save the [defendant]." The court also found "Recidivism Likely" because he failed to acknowledge a pattern of drug or alcohol abuse that was related to the offense; he failed to have genuine remorse; and he had "a mental condition with alcohol [that] could easily cause a reoccurrence." Although the court noted the reasons given that recidivism may not be likely, it found that the greater weight supported the conclusion that appellant's recidivism was likely.
Further, there was sufficient evidence in the record to support the trial court's finding that appellant had some history of criminal conduct that made consecutive sentences necessary to protect the public. Appellant had a prior criminal conviction in 1988 for drunk driving. The court could have reasonably determined that recidivism was likely in that appellant's current conviction seemed to have been again affected by appellant's excessive and irresponsible drinking. During the commission of the present offenses, appellant was seen drinking whisky from a bottle throughout the standoff. It was reasonable for the trial court to have found that recidivism was likely because appellant failed to respond favorably in the past to the sanctions imposed for his drunk-driving conviction, and the sanctions failed to act as a deterrent. As mentioned above, the trial court noted on the Felony Sentencing Worksheet that appellant failed to acknowledge his alcohol abuse as it related to his current offense, and he had a mental condition with alcohol that could easily cause a reoccurrence. Further, many of the officers involved stated in the PSI that appellant could be very dangerous if he started drinking again. At the sentencing hearing, the trial court reiterated appellant's unpredictability whenever he drinks alcohol.
Based on these findings and the record before the trial court, we find that the court did not abuse its discretion in imposing consecutive sentences. The court enumerated the required findings pursuant to R.C. 2929.14(E) and 2929.19(B)(2)(c), and stated reasons that were supported by the record.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.